# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF ARKANSAS
# FAYETTEVILLE DIVISION

**SHELBY MURDOCK**                                                      **PLAINTIFF**

**V.**                          **CASE NO. 5:17-CV-05225**

**DANIEL MCNAIR; DANIEL MCNAIR, LTD.;**
**and DANIEL MCNAIR, LTC., d/b/a ROVER**
**OAKS GROOMING, BOARDING, TRAINING**
**& DAY CARE**                                                          **DEFENDANTS**

## OPINION AND ORDER

Currently before the Court are Plaintiff Shelby Murdock's Motion for Default Judgment (Doc. 11) and Brief in Support (Doc. 12), filed against Defendants Daniel McNair, Daniel McNair, Ltd., and Daniel McNair, Ltd., d/b/a Rover Oaks Grooming, Boarding, Training & Day Care. Defendants have not filed any response to the Motion, and the time to do so has passed. The lawsuit was filed on November 2, 2017, and Murdock personally served it on Defendant Daniel McNair (Doc. 6) and on Daniel McNair as agent for Defendant Daniel McNair, Ltd. (Doc. 7) on November 10, 2017. The Complaint alleges that Murdock performed dog grooming services for the Defendants, and Defendants failed to pay her minimum wages and overtime compensation in violation of the Fair Labor Standards Act ("FLSA") and the Arkansas Minimum Wage Act ("AMWA"). The Complaint also asserts that Defendants failed to pay Murdock her entire final paycheck and were unjustly enriched by their unlawful retention of Murdock's tips. Murdock requests as damages that Defendants pay her earned overtime wages, an equal amount of liquidated damages, the total amount of her tips that they unlawfully retained, her final paycheck plus 60 days' worth of wages owed as a penalty pursuant to Ark. Code Ann. § 11-4-405, punitive damages, and a reasonable attorney's fee.

The Court held a hearing on the Motion on November 7, 2018, during which Murdock provided testimony under oath as to her claim for damages. The Court had previously directed counsel for Murdock to mail a copy of the Order setting the hearing date and time to the Defendants at their last known address, and counsel completed that task. *See* Doc. 14. Now having considered the matter thoroughly, the Court finds that the Motion for Default Judgment (Doc. 11) should be, and hereby is, **GRANTED.**

## I. LEGAL STANDARD

Rule 55 of the Federal Rules of Civil Procedure provides, in pertinent part, as follows:

> **(a) Entering a Default.** When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default.
>
> **(b) Entering a Default Judgment.**
>
> **(1) By the Clerk.** If the plaintiff's claim is for a sum certain or a sum that can be made certain by computation, the clerk—on the plaintiff's request, with an affidavit showing the amount due—must enter judgment for that amount and costs against a defendant who has been defaulted for not appearing and who is neither a minor nor an incompetent person.
>
> **(2) By the Court.** In all other cases, the party must apply to the court for a default judgment. . . . The court may conduct hearings or make referrals —preserving any federal statutory right to a jury trial—when, to enter or effectuate judgment, it needs to:
>
> **(A)** conduct an accounting;
>
> **(B)** determine the amount of damages;
>
> **(C)** establish the truth of any allegation by evidence; or
>
> **(D)** investigate any other matter.

Fed. R. Civ. P. 55.

Rule 55 contemplates a two-step process for the entry of default judgments. *United States v. Williamson.*, 2013 WL 7864735, at *1 (E.D. Ark. Feb. 21, 2013) (citing *Fraserside IP L.L.C. v. Youngtek Sols., Ltd.*, 796 F. Supp. 2d 946, 950–951 (N.D. Iowa 2011) (citation and internal quotation marks omitted)). First, pursuant to Rule 55(a), the party seeking a default judgment must have the clerk enter the default by submitting the required proof that the opposing party has failed to plead or otherwise defend. *Id.* Second, pursuant to Rule 55(b), the moving party may seek entry of judgment on the default under either subdivision (b)(1) or (b)(2) of the Rule. *Id.*

In the instant case, the Clerk entered default on January 3, 2018 (Doc. 10). All that is left for the Court to do is determine the amount of damages reasonably owed to Murdock under Rule 55(b)(2).

## II. DISCUSSION

### A. Damages

The Court has considered Murdock's affidavit (Doc. 11-1), her calculation of damages owed (Doc. 11-2), her testimony in Court at the hearing on the Motion, and two exhibits she submitted during that hearing. According to these documents and her testimony, Murdock regularly performed the services of a pet groomer for Defendants from March 1, 2017, through August 19, 2017. She was classified as an independent contractor for the first part of her employment, from March 1, 2017, through July 12, 2017, and received only commissions in the amount of one-half the sales price of pet grooming services, plus one-half of tips customers paid her for her services.

Defendants stopped treating her as an independent contractor and instead classfied her as an employee during July of 2017, requiring her to clock in and clock out of her shifts and paying her an hourly wage plus one-half of her tips. This continued until August 19, 2017, the day of her termination. She typically worked forty-five hours per week and never received any overtime compensation for hours worked in excess of forty hours per week. Her tips amounted to approximately $300.00 per week, though her agreement with Defendants entitled her to receive half that amount. During the last ten weeks plus two days of her employment, she was not paid any tips at all. In addition, Defendants failed to pay her last paycheck for work performed on August 18-19, 2017, despite Murdock's explicit request that she be paid.

Pursuant to both the FLSA and AMWA, and for the reasons explained from the bench, the Court finds that Murdock is entitled to damages for minimum wage violations. The total amount she is awarded, inclusive of liquidated damages, is $2,563.87.

For her unjust enrichment claim related to unpaid and wrongly withheld tips, she is entitled to a total of $1,560.00 in damages. According to Murdock's testimony, she made an agreement with her employer that she receive half the tips she earned each week. This amounted to $150.00 per week in tips. She typically worked five days a week, which averages to about $30.00 in tips per day. Therefore, during the ten weeks her employer did not pay her any tips, she was entitled to receive a total of $1,500.00 ($150.00 x 10). In addition, her testimony was that she worked another two days in addition to the ten weeks, and she received no tips for that two-day period. An additional two days of tips at a rate of $30.00 per day equals $60.00. Accordingly, the total damages the Court awards Murdock on her unjust enrichment claim for unpaid tips is $1,560.00.

For her claims under Ark. Code Ann § 11-4-405, the "Last Paycheck Rule," Murdock is owed the amount of her final paycheck, $390.00, plus $11,701.80 in statutory penalties. The Court finds she was not paid her last paycheck within seven days of the date of discharge, despite her explicit demand for payment to her supervisor. She therefore complied with all statutory requirements under the Last Paycheck Rule, and she is entitled to the full amount of the 60-day statutory penalty. See Ark. Code Ann § 11-4-405(b) ("Any servants or employees who shall hereafter be discharged or refused further employment may request or demand the payment of any wages due and, if not paid within seven (7) days from discharge or refusal to longer employ, then the penalties provided in subdivision (a)(2) of this section for . . . employees shall attach."); Ark. Code Ann § 11-4-405(a)(2) ("If the money or a valid check therefor does not reach the station within seven (7) days from the date it is so requested, then, as a penalty for the nonpayment, the wages of the servant or employee shall continue from the date of the discharge or refusal to further employ at the same rate until paid. However, the wages shall not continue more than sixty (60) days unless an action therefor shall be commenced within that time."); *McCourt Mfg. Corp. v. Rycroft*, 2009 Ark. 332, at *7-8 (2009) (explaining the statutory requirements of the "Last Paycheck Rule").

### B. Attorney's Fees

Pursuant to 29 U.S.C. § 216(b), a court "shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." Therefore, the Court finds that Murdock, as the prevailing party, is entitled to the payment of her costs plus a reasonable amount of attorney's fees spent

in bringing this action. Murdock's attorney may submit proof to justify the costs and fees that are reasonably owed to Murdock and should be awarded by the Court.

### III. CONCLUSION

**IT IS THEREFORE ORDERED** that Plaintiff Shelby Murdock's Motion for Default Judgment (Doc. 11) is **GRANTED**. She is awarded a total of **$16,215.67** in damages. The Court will hold off on entering final judgment until after the award of costs and attorney's fees is determined. Plaintiff's attorney is directed to submit his request for fees and costs and evidentiary support of the same within two weeks of the date of this Order.

**IT IS SO ORDERED** on this 7th day of November, 2018.

/s/ Timothy L. Brooks
TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE