IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

SHELBY MURDOCK                                                                      PLAINTIFF

V.                              Case No. 5:17-CV-05225

DANIEL MCNAIR and DANIEL MCNAIR, LTD.,
d/b/a Rover Oaks Grooming, Boarding, Training
& Day Care                                                                          DEFENDANTS

## ORDER

Now pending before the Court is Plaintiff Shelby Murdock's Motion for Attorney Fees (Doc. 17). On November 7, 2018, the Court entered an Order (Doc. 16) awarding Ms. Murdock damages in the total amount of $16,215.17, and finding that, according to the Fair Labor Standards Act ("FLSA") at 29 U.S.C. § 216(b), she is also entitled to receive compensation for all reasonable attorney fees and costs she incurred in prosecuting this action. Shortly after the Court's Order was entered, Ms. Murdock's counsel submitted the Motion for Attorney Fees that is now before the Court for resolution.

In considering the legal standard to apply when assessing the reasonableness of counsel's request for fees, the Court has focused on the following factors set forth by the Arkansas Supreme Court in *Chrisco v. Sun Industries, Inc.*, 304 Ark. 227, 229-30 (1990), and cited to with approval by the Eighth Circuit, *see All-Ways Logistics, Inc. v. USA Truck, Inc.*, 583 F.3d 511, 521 (8th Cir. 2009): the amount of time counsel invested in the lawsuit; the appropriateness of counsel's rates, given the experience and ability of the attorneys; the time and labor required to perform the legal services properly; the amount potentially at issue in the case; the results obtained; the novelty and difficulty of the issues involved; and the prevailing rate customarily charged in this area for similar legal services.

This case involved a default judgment entered against Defendants who never appeared in this case. Aside from drafting the initial pleadings and perfecting service upon the Defendants, Ms. Murdock's counsel also expended time in moving the Court for default judgment and attending an in-person hearing on damages. Ultimately, the Court found in Ms. Murdock's favor and awarded her damages. The Court has reviewed the Motion for Attorney Fees, Brief in Support (Doc. 17-1), and supporting affidavits, spreadsheets, and invoices (Docs. 17-2—17-4) filed on Ms. Murdock's behalf.

It appears that the legal work performed in this case was principally handled by two attorneys, Josh Sanford and Blake Hoyt, both of the Sanford Law Firm, PLLC, located in Little Rock, Arkansas. Judging from Mr. Hoyt's billing rate of $150.00 per hour, in addition to the information in Mr. Sanford's supporting affidavit, it appears the firm regards Mr. Hoyt as a "lesser experienced" attorney. See Doc. 17-3, p. 6. By contrast, Mr. Sanford is a "more experienced" attorney, as he is the named partner of the law firm, manages fifteen other attorneys, and has been licensed to practice law for seventeen years. *Id.* According to the motion requesting fees, it appears several other "more experienced" attorneys in the firm—other than Mr. Sanford—consulted with and/or supervised Mr. Hoyt's work in this case and billed small increments of time to the file. Although the law firm has admittedly adopted a collaborative practice wherein more experienced attorneys mentor the more junior attorneys, see *id.*, it does not necessarily follow that the time spent by the senior attorneys mentoring Mr. Hoyt should have reasonably been passed on to the client and claimed in this fee request, nor does it follow that *nine separate attorneys* should have

billed time to this rather uncomplicated wage-and-hour case that ended up in a default posture and was worth, at most, less than $20,000.00.

Counsel for Ms. Murdock originally claimed $15,872.50 in fees—nearly the same amount Ms. Murdock ultimately received from the Court on her default judgment—and subsequently discounted that amount to $14,807.50 after striking certain "entries for time spent on tasks which could reasonably be viewed as unproductive, excessive, redundant, or which were otherwise deemed as appropriate for writing off completely or reducing . . . ." *Id.* at 13. However, the final bill included the increments of time billed by attorneys Stiritz, Gibson, Rauls, Short, Bradford, Rheaume, and Burks—mostly for "conferencing" with Mr. Hoyt on some aspect of the case or for proofreading his work. The time billed by these seven attorneys does not appear reasonable. First, senior partner Sanford checked all of Mr. Hoyt's work, read every document he ever submitted (both before and after filing), and conferenced with him frequently about the case. It therefore does not appear to have been necessary for seven more attorneys to have billed time for reviewing the file, offering advice to Mr. Hoyt, or performing the same proofreading and editing functions that Mr. Sanford was already providing. Second, the Motion for Fees never explains why this rather granular level of management and oversight was warranted for an attorney like Mr. Hoyt, who graduated from law school *cum laude* in 2014, has been in practice for four years, and has served "as both lead and co-counsel on bench and jury trials throughout various Arkansas circuit and district courts." *Id.* at 6. Accordingly, the time billed by attorneys Stiritz, Gibson, Rauls, Short, Bradford, Rheaume, and Burks will be stricken.

Next, the bill contains time billed for certain research tasks performed by a law student, called a "law clerk" in the Motion. The research tasks performed by the law clerk

are reasonable, but the billing rate of $75.00 an hour is not. Based on the prevailing rate customarily charged in Northwest Arkansas for the same legal services, the Court finds that the appropriate rate should be discounted to $25.00 per hour.

Finally, the Court finds that Mr. Sanford's claim for fees in the total amount of $4,712.50 is reasonable. His hourly rate of $325.00 is slightly too high, given the prevailing market rate for similar legal work and Mr. Sanford's experience; however, he has discounted his fee demand by about $300.00, which is essentially the difference between charging $325.00 per hour for the 15.40 hours he billed to the case, and charging $300.00 per hour (the Court's estimation of the appropriate hourly rate for this attorney) for the same work. Therefore, the Court will award Mr. Sanford his requested fee.

In sum, and given Mr. Sanford's and Mr. Hoyt's experience, the time and labor required to perform the legal services properly, the amount at issue in the case, the positive results obtained on default judgment, and the degree of novelty and difficulty of the issues involved, the Court finds that a total fee award of $14,095.00 is warranted in this case. This figure is derived by adding the $9,322.50 in fees claimed by Mr. Hoyt to the $4,712.50 in fees claimed by Mr. Sanford to the discounted fee of $60.00 (2.40 hours at a rate of $25.00 per hour) for work performed by the law clerk. In addition, Ms. Murdock is entitled to recoupment of her costs in the sum of $513.40.

**IT IS ORDERED**, therefore, that the total award of attorney fees and costs is **$14,608.40**. Judgment will issue on this date to reflect the total money damages, fees, and costs awarded.

**IT IS SO ORDERED** on this \_\_3rd\_\_ day of December, 2018.

_____
TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE